UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-22670-CIV-DAMIAN/Louis

**WANDA JEAN-BAPTISTE**,

    Plaintiff,
vs.

**CITY OF MIAMI**,

    Defendant.
_____/

**OMNIBUS ORDER ON
PLAINTIFF'S OMNIBUS MOTION TO RECONSIDER AND RESPONSE TO
DEFENDANT'S MOTION TO STRIKE [ECF NO. 136] AND
DEFENDANT'S MOTIONS TO STRIKE [ECF NOS. 138 AND 142]**

**THIS CAUSE** is before the Court upon the following:

- Plaintiff, Wanda Jean-Baptiste's ("Plaintiff"), Omnibus Motion to Reconsider Order Striking Portions of Affidavits and Response to Defendant's Motion to Strike [ECF No. 136 (the "Motion to Reconsider")], filed February 14, 2025;

- Defendant, the City of Miami's ("Defendant"), Motion to Strike Plaintiff's Response to Defendant's Motion to Strike [ECF No. 138 (the "Second Motion to Strike")], filed February 28, 2025; and

- Defendant's Motion to Strike ECF No. 141: Plaintiff's Omnibus Response to the City's Motion to Strike and Motion to Accept Belated Response to the City's Motion to Strike Portions of Affidavits [ECF No. 142 (the "Third Motion to Strike")], filed March 20, 2025 (collectively, the "Motions").

THE COURT has considered the Motions, the Response to the Motion to Reconsider [ECF No. 137], the Response and Reply to the Second Motion to Strike [ECF Nos. 141 and 143], the applicable law, and the relevant portions of the record and is otherwise fully advised.

## I.   BACKGROUND

On February 10, 2025, this Court entered an Order [ECF No. 135 (the "February 10 Order")] granting by default Defendant's Motion to Strike Portions of Affidavits Filed in Opposition to the City's Motion for Summary Judgment [ECF No 106 (the "First Motion to Strike")], on grounds that Plaintiff, in violation of Local Rule 7.1(c), failed to file an opposing memorandum of law or timely seek an extension of time within which to do so. *See* ECF No. 135 at 1–2 (first citing *Jawad Sebring, LLC v. Westchester Surplus Lines Ins. Co.*, No. 22-14403-CIV, 2023 WL 11956320, at *1 (S.D. Fla. Oct. 5, 2023) (Martinez, J.) (granting motion to strike expert by default where plaintiff failed to respond in opposition); and then citing *Am. Soc. IP, LLC v. Powell*, No. 23-CV-24875, 2024 WL 4635173 (S.D. Fla. May 16, 2024) (Goodman, M.J.) (striking defendant's affirmative defenses by default on grounds defendant did not respond to motion to strike)).

Plaintiff filed the Motion to Reconsider on February 14, 2025. *See generally* Mot. The Motion is clearly meant to serve two separate functions: (1) as a request that the Court reconsider its February 10 Order; and (2) as a response to Defendant's First Motion to Strike.

As to the basis for the request to reconsider, the Motion cites Federal Rule of Civil Procedure 60(b)(1) and (6) and asserts that relief in the form of reconsideration is warranted because, although Plaintiff admittedly failed to respond to the First Motion to Strike, her counsel neglected to do so "due to inadvertent mis-calendaring in the division of labor

2

between the different law firms working on this matter." Mot. at 2. The rest of the filing purports to respond to Defendant's First Motion to Strike. *See id.* at 3–16.

Defendant responded on February 28, 2025, by concurrently filing two documents: a formal Response to the Motion to Reconsider (*see* ECF No. 137) and a Motion seeking that the Court strike Plaintiff's Motion to Reconsider to the extent it responds to Defendant's First Motion to Strike (*see* ECF No. 138).

In the Response to the Motion to Reconsider, Defendant argues that Plaintiff's Motion should be denied because it fails to establish any basis for reconsideration under the legal criteria set out in Rule 60(b)(1) and (6). *See* Resp. at 1–6. And the Response further notes that Plaintiff's Motion is actually a request to file an out of time response, which would be subject to Federal Rule of Civil Procedure 6. In this regard, Defendant argues that portion of the Motion to Reconsider should be denied because it fails to establish excusable neglect, as required by Rule 6. *See id.* at 6–7. Next, Defendant asserts that Plaintiff's Motion to Reconsider, insofar as it responds to Defendant's First Motion to Strike, is without merit. *Id.* at 8–10. Finally, Defendant avers that Plaintiff's Motion should be denied because it fails to comply with the pre-filing conferral requirement of Local Rule 7.1(a)(2). *Id.* at 10–12. Plaintiff did not file a Reply.

In the Second Motion to Strike, Defendant argues that the portion of Plaintiff's Motion to Reconsider that constitutes a response to the First Motion to Strike should be stricken because it is untimely, improperly filed without leave of court, and concerns a moot and already decided issue (in light of the Court's February 10 Order). *See generally* ECF No. 138. Plaintiff responded to the Second Motion to Strike on March 17, 2025. *See generally* ECF No. 141. As with the Motion to Reconsider, in the Response to the Second Motion to Strike,

Plaintiff seeks two forms of relief: first, she purports to respond to the legal arguments set out in the Second Motion to Strike, and second, she requests that this Court accept an out-of-time response to the First Motion to Strike pursuant to Rule 6. *See generally id.*

Defendant filed its Third Motion to Strike on March 20, 2025,[1] arguing that the aforementioned Response, dated March 17, 2025, was, in reality, a reply to Defendant's Response to the Motion to Reconsider. *See generally* ECF No. 142. The next day, on March 21, 2025, Defendant filed a Reply in Support of its Second Motion to Strike. *See generally* ECF No. 143.

## II.  APPLICABLE LEGAL STANDARDS

A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam)). Indeed, the motion "must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Florida*

---

[1] As of the writing of this Order, Plaintiff has not filed a response to the Third Motion to Strike. However, as explained more fully below, because the Court views Plaintiff's incorporated response in her Motion to Reconsider as improper, the undersigned finds that no response is required to fully address the issues at play here.

*Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F.Supp.2d 1306, 1308 (M.D. Fla. 1998) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993))

A court can nevertheless grant reconsideration if there is (1) an intervening change in controlling law, (3) the availability of new evidence, or (3) the need to correct clear error or to prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). A motion to reconsider is "appropriate where, for example, [a] [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (citation omitted). A motion for reconsideration is, thus, "not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted).

Here, because this Court's February 10 Order is not a final order or judgment, the decision of whether to set aside the order must be analyzed under the provisions of Rule 60(b). *See, e.g.*, *Atl. Specialty Ins. Co. v. Mr. Charlie Adventures*, LLC, No. CIV.A. 13-458-CG-N, 2015 WL 2095650, at *3 (S.D. Ala. May 5, 2015) (first citing *Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1260–61 (11th Cir.2006) (grant of partial summary judgment is an interlocutory order); and then citing *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir.2000) (an interlocutory order is not subject to the limitations of Rule 59)).

In her Motion to Reconsider, Plaintiff relies on Rules 60(b)(1) and 60(b)(6). *See* Mot. at 1–2. Rule 60(b)(1) provides that, upon a "motion and just terms, the court may relieve a party . . . from a[n] . . . order . . . for . . . (1) mistake, inadvertence, surprise, or excusable neglect." In this context, "'excusable neglect' is understood to encompass situations in which

5

the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). Relevant considerations include: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. In addition, a moving party must show that "it had a meritorious defense that might have affected the outcome*." In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

Rule 60(b)(6) is the catch-all provision allowing for relief from an order for any reason that does not fall within the previous five categories. *See Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014). However, the Eleventh Circuit "has carefully constrained [the] open-ended language" of Rule 60(b)(6) to require "circumstances that are sufficiently extraordinary to warrant relief." *See id.* (citation omitted). "The party seeking relief [under Rule 60(b)(6)] has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin*, 722 F.2d at 680 (citation omitted). It is well-established that relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted); *United States v. Young*, 806 F.2d 805, 806 (1987) (Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances").

Importantly, Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, and, therefore, a court cannot grant relief under Rule 60(b)(6) for any reason which the court could consider under Rule 60(b)(1). *See Solaroll*, 803 F.2d at 1133 (citation omitted).

### III.   DISCUSSION

Review of the Motion to Reconsider reflects Plaintiff has not identified any of the permissible grounds for reconsideration discussed above. In fact, in the Motion, Plaintiff does not even attempt to argue a legal basis for the Court to reconsider its February 10 Order. Plaintiff has not identified an intervening change in controlling law, the availability of new evidence, nor the need to correct a clear error or prevent manifest injustice.[2]

Moreover, the Motion hardly attempts to demonstrate the type of "mistake, inadvertence, surprise, or excusable neglect" necessary to set aside the February 10 Order under Rule 60(b)(1). To the extent the Motion contends relief is warranted because Plaintiff's counsel's inadvertent mis-calendaring constitutes excusable neglect, that argument fails to carry the day because "[n]either ignorance nor carelessness on the part of a litigant or [her] attorney provide[s] grounds for relief under Rule 60(b)(1)." *Grant v. Pottinger-Gibson*, No. 0:15-cv61150, 2016 WL 867111, at *2 (S.D. Fla. Mar. 7, 2016) (emphasis added) (quoting *Ben Sager Chemicals Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)), *aff'd*, 725 F. App'x 772 (11th Cir. 2018). The Eleventh Circuit has "demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). And while the Court is sympathetic to counsel's

---

[2] While the Motion appears to suggest that it would be "manifestly unjust" to leave undisturbed the February 10 Order (*see* Mot. at 2), this point is belied by Plaintiff's subsequent statement in the Motion that "[t]here is no basis for summary judgment with or without these portions of these affidavits." *Id.*

multitude of cases and other responsibilities, "an attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation." *Jacobs v. Hudson Real Est. Holdings, LLC*, No. 20-CIV-80911-RAR, 2021 WL 705785, at *3 (S.D. Fla. Feb. 23, 2021) (internal quotation marks and citation omitted) (emphasis added); *see also Durr v. Adams Beverages, Inc.*, 710 F. App'x 358, 361 (11th Cir. 2017) (finding no abuse of discretion where district court denied motion to set aside judgment under Rule 60(b) where plaintiff's counsel failed to comply with court order, despite being busy with other work).

Rule 60(b)(6) warrants the same conclusion. As noted above, relief under this provision is justified only upon an adequate showing of extraordinary circumstances. *See Aldana*, 741 F.3d at 1355; *Griffin v. Swim–Tech Corp.*, 722 F.2d at 680. Plaintiff's failure to respond to the First Motion to Strike based on an inadvertent mis-calendaring does not constitute "an extraordinary situation which cannot fairly or logically be classified as mere 'neglect' on [their] part," such that Rule 60(b)(6) would apply. *Klapprott v. United States*, 335 U.S. 601, 613 (1949); *see also Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 F. App'x 435, 437 (5th Cir. 2018) ("Missing a deadline . . . is not an extraordinary circumstance." (citing *Gonzalez v. Crosby*, 545 U.S. 524, at 537 (2005) (concluding that a litigant's "lack of diligence" makes the circumstances "all the less extraordinary")).

In short, because Plaintiff's Motion does not set forth any appropriate or substantive basis for reconsideration or for setting aside the Court's February 10 Order, to the extent the Motion seeks reconsideration of the Order, it is due to be denied.

Finally, the undersigned agrees with Defendant that Plaintiff's attempt to interject a response to the First Motion to Strike into her Motion to Reconsider is improper. Federal

8

Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." As pointed out by Defendant, Plaintiff's response to the First Motion to Strike is untimely and improperly filed without leave of court. *See* ECF No. 138 at 1–4. These procedural defects aside, as mentioned above, Plaintiff has not shown that the inadvertent mis-calendaring of the deadline to respond to the First Motion to Strike constitutes excusable neglect that prevented her from timely responding or seeking an extension of time within which to do so. Thus, to the extent the Motion includes a response to the First Motion to Strike, that portion of the Motion is not properly before the Court and will be stricken and will not be considered by the Court in determining Defendant's Motion for Summary Judgment. *See FAST SRL v. Direct Connection Travel, LLC*, 330 F.R.D. 315, 317 (S.D. Fla. 2018) ("Courts have broad discretion when considering a motion to strike.").[3]

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.   To the extent Plaintiff's Motion to Reconsider [**ECF No. 136**] seeks reconsideration or the setting aside of the Court's February 10 Order [ECF No. 135], the Motion is **DENIED**.

---

[3] Because the Court finds that Plaintiff's Motion fails to establish grounds warranting reconsideration and that the incorporated response is improper and without merit, the Court need not address the other arguments raised in Defendant's Response and Third Motion to Strike.

      2.      Defendant's Motion to Strike [**ECF No. 138**] is **GRANTED**. The portions of Plaintiff's Motion to Reconsider that purport to respond to the First Motion to Strike (*see* ECF No. 136 at 3–16) are **STRICKEN**.

      3.      To the extent Plaintiff's Response to the Second Motion to Strike [**ECF No. 141**] requests leave to file an out-of-time response to the First Motion to Strike, that request is **DENIED**.

      4.      In light of the Court's ruling herein, Defendant's Third Motion to Strike [**ECF No. 142**] is **DENIED AS MOOT**.

      **DONE AND ORDERED** in Chambers in the Southern District of Florida, this <u>28th</u> day of March, 2025.

                                        **MELISSA DAMIAN**
                                        **UNITED STATES DISTRICT JUDGE**

cc:      Counsel of Record