UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-22670-MD

WANDA JEAN-BAPTISTE,

     Plaintiff,

v.

CITY OF MIAMI,

     Defendant.

_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Defendant City of Miami's Motion to Tax Costs, (ECF No. 150).[1] Plaintiff did not file a response to the Motion, and the time to do so has passed. Having carefully reviewed the Motion the materials advanced therewith, and for the reasons set forth below, the undersigned **RECOMMENDS** that Defendant's Motion, (ECF No. 150), be **GRANTED, in part**.

## I.      BACKGROUND

Plaintiff commenced this action against Defendant, the City of Miami, in state court on April 3, 2023. (ECF No. 1-2). Following Defendant's removal of the action to federal court, the Court granted Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, *see* (ECF No. 16), and Plaintiff filed a Second Amended Complaint. (ECF No. 17). In her Second Amended Complaint, Plaintiff asserted three causes of action: violation of the Florida Whistleblowers Act,

_____

[1] This Motion was referred to the undersigned United States Magistrate Judge by the Honorable Melissa Damian, United States District Judge, "to take all necessary and proper action as required by law." (ECF No. 151).

1

Fla. Stat. § 112.3187, (Count I); racial discrimination in violation of Title VII (Count II); and retaliation in violation of Title VII. (ECF No. 28).

The City of Miami moved for summary judgment on all counts of the Second Amended Complaint. (ECF No. 87). On March 30, 2025, the Court granted the motion for summary judgment in full. (ECF No. 145). The Court thereafter entered Final Judgment for Defendant. (ECF No. 146). Plaintiff's appeal from the Court's entry of Final Judgment is currently pending. (ECF No. 152). Defendant timely filed its Motion to Tax Costs on April 14, 2025. (ECF No. 150). Included as exhibits to the Motion are Defendant's Bill of Costs, (ECF No. 150-1), and an itemization of the taxable costs claimed, (ECF No. 150-2).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of

submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

## III.    DISCUSSION

### A.    Plaintiff's Request to Stay Resolution of Defendant's Motion

The Motion itself notes Plaintiff's request that the Court decline to enter an order on costs "until after the conclusion of her appeal." (ECF No. 150 at 2). The undersigned recommends that the Court decline to do so. While Rule 54(d) does afford the Court discretion to stay collateral matters, such as taxing costs pending an appeal, the Court's regular practice is "not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit." *King Cole Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 08-23350-CIV, 2010 WL 3212091, at *1 (S.D. Fla. Aug. 12, 2010). "It is well settled in this circuit that costs may be taxed after a notice of appeal has been filed." *Ibezim v. GEO Grp., Inc.*, 786 F. App'x 975, 977 (11th Cir. 2019) (quoting *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 64 (11th Cir. 1982)).

While courts have exercised their discretion to stay their rulings on motions to tax costs, I find no reason to do so here. *See, e.g.*, *Hess v. Coca-Cola Refreshments USA, Inc.*, No. 13-CV-3136, 2016 WL 99567, at *1 (M.D. Fla. Jan. 8, 2016) (denying, without prejudice, the defendant's motion to tax costs with leave to refile after the entry of a mandate by the Court of Appeals). "In considering whether to stay adjudication of a motion to tax costs pending appeal, courts consider '(1) whether the movant is likely to prevail on the merits of the appeal; (2) whether the movant will suffer irreparable harm absent a stay or injunction; (3) whether the other party will suffer substantial harm if the stay or injunction is issued; and (4) whether the stay or injunction is adverse

to the public interest.'" *Regueiro v. Am. Airlines*, No. 19-cv-23965, 2024 WL 945263, at *3 (S.D. Fla. Feb. 7, 2024) (quoting *Aristylde v. City of Lauderhill*, No. 12-60110-CIV, 2013 WL 12136514, at *1 (S.D. Fla. July 12, 2013)) (additional quotation omitted).

Plaintiff's request for a stay comes to the Court only by way of the certificate of conferral Defendant includes in its Motion. She has neither properly presented her request for a stay nor substantiated her burden to show that any number of the above stay factors are met. *See Regueiro*, 2024 WL 945263, at *3.

### B.    Defendant is the Prevailing Party

The Court finds that the City of Miami is the prevailing party in this action. "[T]he litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (quotation omitted). The Court granted summary judgment in Defendant's favor on all counts asserted in Plaintiff's Second Amended Complaint. (ECF No. 145). The Court thereafter entered Final Judgment in Defendant's favor. (ECF No. 146). There is "no question" that Defendant is the prevailing party in this lawsuit. *See Head*, 62 F.3d at 355. Accordingly, the City of Miami is entitled to an award of taxable costs under 28 U.S.C. § 1920 and Federal Rule 54(d)(1).

### C.    Taxable Costs Sought

Defendant seeks an award of taxable costs incurred in defending this case in the total amount of $11,012.15. (ECF No. 150 at 1). Defendant's asserted costs are for (1) service of subpoenas for records, (2) service of subpoenas for depositions, (3) attendance of court reporters, and (4) copies of original transcriptions. Plaintiff has not filed opposition to Defendant's request for costs.

Defendant seeks $8,944.25 in fees associated with the depositions and/or sworn statements of Plaintiff herself and several witnesses: Deputy Chief Ronald Papier, Chief Manual Morales, Brandon Lanier, and Chief Art Acevedo. Specifically, Defendant seeks $7,276.00 in transcripts of depositions and sworn statements, $960.00 in court reporter attendance fees, $25.00 in an E-Litigation Bundle/Delivery/Repository, $662.50 in digital deposition coverage fees, and $20.75 in parking fees associated with the deposition of Brandon Lanier.

The cost of deposition transcripts is taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000).[2] The party challenging the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008). Because Defendant's Motion is unopposed, the Court finds the depositions and transcriptions were related to an issue present in the case when taken. The Court next considers whether Defendant's request for costs are taxable.

Generally speaking, costs incurred for the production of deposition transcripts that were necessarily obtained for use in a case are recoverable at a reasonable rate in the realm of $4.50 per page. *See Harrell v. City of Opa-Locka*, No. 20-CV-21927, 2022 WL 1609090, at *5 (S.D. Fla. May 3, 2022) (finding reasonable a per-page rate of $4.50 for the production deposition

---

[2] Courts in this District tend to consider transcripts of sworn statements to be governed under the exact same principles as deposition transcripts. *See, e.g.*, *Abby v. Paige*, No. 10-23589-CIV, 2013 WL 12246348, at *13 (S.D. Fla. Aug. 2, 2013) (permitting full recovery where the Court was persuaded that the transcript "was necessarily obtained by [movant] for use in this case"), *report and recommendation adopted*, 2013 WL 12246349 (S.D. Fla. Oct. 1, 2013); *see also id.*, at *11 n.14 (noting that the non-movant's distinction between a sworn statement transcript and a deposition transcript "does not change this Court's analysis"); *Rivers v. Orthopedic Sys., Inc.*, No. 04-61375-CIV, 2006 WL 5838358, at *1–2 (S.D. Fla. Nov. 28, 2006).

transcripts), *report and recommendation adopted*, 2022 WL 1605333 (S.D. Fla. May 20, 2022).

Certain of Defendant's transcripts were produced at a rate of $4.40 per page. That figure falls within the reasonable per-page rate generally enforced in this District. *See Banuchi v. City of Homestead*, No. 20-cv-25133, 2023 WL 2587389, at *8 (S.D. Fla. Feb. 7, 2023), *report and recommendation adopted*, 2023 WL 2585061 (S.D. Fla. Mar. 21, 2023). Other transcripts were produced at per-page rates of $8.00 and $10.00. That exceeds the reasonable per-page rate, and Defendant has not explained the basis for the pricing discrepancy. The undersigned recommends an award of transcription costs at a per-page rate of $4.40 per page, which is consistent with the rate otherwise sought and awarded herein.

Accordingly, the undersigned recommends an award of costs as follows. Defendant is entitled to a total of $4,733.80 in transcription costs: $1,271.60 for the transcription of Plaintiff's deposition; $1,570.80 for the transcription of Chief Manuel Morales's deposition; $765.00 for the transcription of Brandon Lanier's deposition; $668.80 for the transcription of Chief Art Acevedo's deposition; $312.40 for the transcription of Plaintiff's sworn *Garrity* statement; $88.00 for the transcription of Plaintiff's sworn rebuttal in support of same; and $57.20 for the transcript of Deputy Chief Papier's sworn statement.

Defendant seeks to recover $683.25 for the Digital Video Deposition Coverage fees of Brandon Lanier's March 29, 2024 deposition. The undersigned recommends that Defendant's request be granted. Prevailing parties may be "entitled to costs for video depositions 'when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation.'" *Bluegreen Vacations Unlimited, Inc. v. Timeshare Laws. P.A.,* No. 20-CV-24681, 2024 WL 2749298, at *5 (S.D. Fla. May 8, 2024) (quotation omitted), *report and recommendations*

6

*adopted*, 2024 WL 2747112 (S.D. Fla. May 29, 2024). No objection has been raised. The undersigned concludes that the digital video deposition coverage fees were necessarily obtained for use in the case; Defendant is entitled to reimbursement in the amount of $662.50 for the video deposition fees.

Defendant may not recover either the $20.75 in parking fees associated with the digital video deposition coverage for Brandon Lanier's deposition (ECF No. 150-2 at 15), or the $25.00 spent on an "E-Litigation Bundle/Delivery/Repository" associated with the deposition of Chief Art Acevedo. (ECF No. 150-2 at 12). Defendant may not recover the incidental and *de minimis* costs associated with Brandon Lanier's video deposition. *See Alper Auto., Inc. v. Day to Day Imports, Inc.*, No. 18-81753-CIV, 2022 WL 3904329, at *4 (S.D. Fla. Jul. 28, 2022). The parking fees and E-Litigation Bundle are unexplained, *de minimis*, and therefore unrecoverable by Defendant here.

Defendant seeks reimbursement of a total of $960.00 in court reporter attendance fees at the depositions of Plaintiff, Brandon Lanier, and Chief Art Acevedo. Court reporter fees constitute taxable costs because the attendance of a court reporter at a deposition is directly related to the preparation of the transcript. *See Levy v. Remy Cointreau USA, Inc.*, No. 14-20906-CV, 2015 WL 12868176, at *3 (S.D. Fla. Mar. 31, 2015), *report and recommendation adopted*, 2015 WL 12866378 (S.D. Fla. June 11, 2015). Each of Defendant's requests approximates a reasonable chargeable rate for the attendance of court reporters at three depositions. *See, e.g.*, *Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *4 (S.D. Fla. May 4, 2012). Thus, Defendant is entitled to recover a total of $960.00: $420.00 for attendance of the reporter at Plaintiff's deposition; $270.00 for attendance at Brandon Lanier's deposition; and $270.00 for attendance at Chief Acevedo's deposition.

Defendant seeks $2,067.90 in fees for service of records and deposition subpoenas.

Specifically, Defendant seeks $49.00 for the service of a records subpoena on Cigna Behavior Health; $258.00 for service of a records subpoena on Alonzo Manns, LMFT; $645.00 for service of a records subpoena on Suzanne Milano, LCSW; $292.90 for service of a deposition subpoena on Brandon Lanier; and $823.00 for service of a deposition subpoena on Chief Acevedo.

Under 28 U.S.C. §§ 1920 and 1921, private process server fees may be taxed so long as those costs are limited to the statutory fees authorized by section 1921(b). *McLeod v. Chef Creole Inc*, No. 22-cv-22657, 2024 WL 3360422, at *2 (S.D. Fla. Apr. 1, 2024). "Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided." 28 U.S.C. § 1921(b). Taxable private process fees may not exceed the $65.00 amount charged by the United States Marshal. *See* 28 C.F.R. § 0.114; *Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation adopted*, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).

Defendant's invoices do not adequately explain why rush service fees were paid on two occasions, or other grounds for its service fees exceeding the rate charged by the United States Marshal. Although Defendant's Motion is unopposed, "the Court has an independent duty to only award costs which are lawful and justified under federal law." *Ramos v. Fla. Drawbridges Inc.*, 2022 WL 3370787, at *1 & n.1 (S.D. Fla. Aug. 16, 2022) (collecting cases). Where a prevailing party does not provide any information as to the time expended to effectuate service or other out-of-pocket expenses incurred, the Court may limit the cost for service to the minimum charged by the U.S. Marshals Service. *See James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. 2007). Defendant may receive no more than $65.00 for service of each subpoena. Accordingly, Defendant is entitled to a total of $309.00: $49.00 for the service of subpoena on Cigna Behavior Health; and $65.00 for service of subpoenas on each of Alonzo Manns, Suzanne Milano, Brandon

Lanier, and Chief Acevedo.

## IV.    RECOMMENDATIONS

Based upon the foregoing, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Tax Costs, (ECF No. 150), be **GRANTED, in part**, and that Defendant be awarded **$6,665.30** in taxable costs, plus interest, from the date of the judgment. *See Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of judgment.").

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Melissa Damian, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a de novo determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 20th day of February, 2026.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE