UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-22670-CIV-DAMIAN/Louis

WANDA JEAN-BAPTISTE,

        Plaintiff,

v.

CITY OF MIAMI,

        Defendant.

_____/

ORDER AFFIRMING AND ADOPTING
REPORT AND RECOMMENDATION [ECF NO. 153]

**THIS CAUSE** is before the Court upon Defendant, City of Miami's ("Defendant" or "City"), Motion for Costs [ECF No. 150 (the "Motion")], filed April 14, 2025, and the Report and Recommendations of United States Magistrate Judge Lauren F. Louis, entered on February 20, 2026 [ECF No. 153 (the "Report")]. In the Report, Magistrate Judge Louis recommends granting the City's Motion in part and awarding taxable costs in the amount of $6,665.30. No party filed objections to the Report, and the time to do so has passed. The matter is now ripe for review.

THE COURT has considered the Report, the Motion, the record in this case, and the relevant authorities and is otherwise fully advised.

On April 3, 2025, this Court entered a Final Judgment in favor of the Defendant, City of Miami, and against the Plaintiff, Wanda Jean-Baptiste ("Jean-Baptiste" or "Plaintiff"), after granting summary judgment in favor of the City. *See* ECF Nos. 145, 146. As the prevailing party in this action, the City is entitled to an award of taxable costs pursuant to 28 U.S.C. § 1920. In the Motion, the City seeks: (a) the transcription fees, court reporter

attendance fees (including parking), and video deposition fees; and (b) private process server fees for service of subpoenas, for a total of $11,012.15 in taxable costs. *See* Mot. at 1-2; [ECF No. 150-2].

The Motion was referred to Magistrate Judge Louis to take all necessary and proper action as required by law pursuant to 28 U.S.C. § 636(b). *See* ECF No. 151.

On February 4, 2026, Magistrate Judge Louis issued the Report now before the Court. [ECF No. 153]. In the Report, Judge Louis recommends granting the City's Motion in part and awarding the City taxable costs in the amount of $6,665.30. As noted above, neither party filed objections to Judge Louis's Report, and the time for filing objections has passed.

A District Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these

findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

In the Report, Magistrate Louis makes the following findings: (1) the City should be awarded its costs for deposition transcripts, video deposition costs, and court reporter attendance fees subject to reductions for per-page rates charged in excess of $4.40 for some of the transcripts and reductions for parking fees and for an unexplained "E-Litigation Bundle/Delivery/Repository" charge, for an adjusted award of $6,356.30; (2) the City should be awarded the lesser of $65.00 or the actual cost of service for each of the five subpoenas it served, for a collective total of $6,665.30 in taxable costs; and (3) the City is entitled to post-judgment interest on its taxable costs accruing from the date of the April 3, 2025 Final Judgment. *See generally* Report. This Court agrees and accepts the Magistrate Judge's findings.

For these reasons and finding no clear error on the face of the record, this Court fully agrees with the well-reasoned analysis and recommendations stated in Judge Louis's Report.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 153]** is **AFFIRMED AND ADOPTED**.

2. Defendant's Motion to Tax Costs **[ECF No. 150]** is **GRANTED IN PART**.

3. Defendant, City of Miami, may recover **$6,665.30** in costs from Plaintiff, Wanda Jean-Baptiste. This is the sum of:

   a. $309.00 for the fees of serving subpoenas; and

   b. $6,356.30 for allowable transcription and court reporter fees.

4.   Interest is awarded on all costs from the date of Final Judgment, April 3, 2025,[1] at

the statutory rate prescribed by 28 U.S.C. § 1961.

**FOR ALL OF WHICH SUMS LET EXECUTION ISSUE**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 13th

day of March, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:      Counsel of record

U.S. Magistrate Judge Lauren F. Louis

---

[1]  *See Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 803-04 (11th Cir. 2012).